# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MASSIMILIANO TORTORA and
CRISTINA BRAIATO,

      Plaintiffs,

v.
                                      Case No:   6:25-cv-877-JSS-LHP

MANNYS CUCINA NAPOLETANA
LLC, EMANUELE FERRAIUOLO,
TINAMARIE LORI and TINAMARIE
IORI,

      Defendants

---

## ORDER

Before the Court is Plaintiffs' Renewed Motion for Clerk's Default Against Defendants. Doc. No. 26. As relevant, the Court struck the previous version of this motion and related service documents because they improperly contained the full name of a minor, and the spelling used for the name of one individual Defendant—Tinamarie Lori—differed from the spelling in records available from the Florida Division of Corporations—Tinamarie Iori. *See* Doc. No. 22. There was also a discrepancy with regard to the spelling of the name of the corporate Defendant due to a missing apostrophe and comma—"Mannys Cucina Napoletena

LLC," vs. "Manny's Cucina Napoletana, LLC." *Id.* at 2.   The Court ordered Plaintiffs to renew the motion within fourteen (14) days, in compliance with Federal Rule of Civil Procedure 5.2, and to address these discrepancies.

Now before the Court is Plaintiff's renewed motion, Doc. No. 26, which is supported by redacted returns of service.   Doc. No. 26; *see also* Doc. Nos. 23–25. Plaintiffs ask the Court find service sufficient despite the misnaming of "Defendant Lori (should be 'Iori')," and requests that Clerk's default be entered against all Defendants.   Doc. No. 26.   Alternatively, Plaintiffs request leave to amend the complaint to correct the misnaming.   *Id.* at 6–7.[1]

On review, putting aside the issue of whether service was proper despite the misnaming of Defendants, the Court finds that amendment to the complaint first to reflect the correct spellings of Defendants' names appropriate.   *See, e.g.*, *King v. Marcy*, No. 2:17-CV-112, 2019 WL 691782, at *4 (S.D. Ga. Feb. 19, 2019) (ordering amendment to complaint to reflect full and accurate names of all defendants).[2]

---

[1] Plaintiffs do not address the discrepancies between "Mannys Cucina Napoletena LLC," and "Manny's Cucina Napoletana, LLC."   Doc. No. 26.

[2] Plaintiffs cite one case to argue that service was proper even with the misspellings. *See Mcgee v. Cook*, No. 8:09-cv-2543-T-27TGW, 2011 WL 1365024, at *2 (M.D. Fla. Apr. 11, 2011).   In *McGee*, however, the court was addressing motions to quash service/dismiss the complaint, and ultimately, ordered amendment to the complaint to name certain proper parties (albeit in a severed action).   *Id.* at *5.   And while the Court has no quarrel with the general contention that "[s]ervice of process is not legally defective simply because the complaint misnames the defendant in some insignificant way," Plaintiffs have

Accordingly, Plaintiff's Motion (Doc. No. 26) will be **GRANTED in part**, to the extent that Plaintiffs shall file an amended complaint within **seven (7) days** of the date of this Order reflecting the full and accurate names for all Defendants.    The Motion (Doc. No. 26) is **DENIED without prejudice** in all other respects.    Within **twenty-one (21) days** of the filing of the amended complaint, Plaintiffs shall file a renewed motion for Clerk's default as to all Defendants, demonstrating by citation to legal authority that the existing service was sufficient under governing law, *see* Doc. Nos. 23–25, or which must be supported by new returns of service as to each newly named Defendant.

DONE and **ORDERED** in Orlando, Florida on March 9, 2026.

_____

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

not demonstrated, by citation to legal authority or otherwise in the present motion, that providing the incorrect spelling of an individual Defendant's surname is indeed "insignificant."    Notably, in *McGee*, the court found a misnaming "insignificant" as to one Defendant, yet "significant" as to another.    *Id.* at *2.

Thus, to maintain a clear docket, the Court has determined that the more appropriate route is for Plaintiffs first to amend the complaint to name all proper parties before addressing the propriety of default.