# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MASSIMILIANO TORTORA,
CRISTINA BRAIATO,

Plaintiffs,

v. Case No.: 6:25-cv-00877-JSS-LHP

MANNY'S CUCINA NAPOLETANA LLC, EMANUELE FERRAIUOLO, AND TINAMARIE IORI,

Defendants,

---

## ORDER

Before the Court is Plaintiffs' Motion for Default Final Judgment and Incorporated Memorandum of Law. Doc. No. 52. On referral, and for the reasons set forth below, the motion will be **DENIED without prejudice**.[1]

[1] In the motion, Plaintiffs contend that "[l]iability of the Defendants is not at issue as same is established given the default entered against Defendants." Doc. No. 52, at 3. However, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "Therefore, a court must conduct an analysis to determine whether the well-pleaded factual allegations of the plaintiff's complaint provide a sufficient basis for a judgment against the defendant." *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206).

In short, Plaintiffs bring this case against Defendants Manny's Cucina Napoletana LLC, Emanuele Ferraiuolo, and Tinamarie Iori for violations of the Fair Labor Standards Act ("FLSA"). Doc. No. 28; *see also* Doc. No. 1. Defendants did not properly and timely appear, and on Plaintiffs' motion, Clerk's default was entered against all three (3) Defendants. Doc. Nos. 37–38; *see also* Doc. Nos. 41, 44, 51. Plaintiffs now move for default judgment. Doc. No. 52.

In the operative complaint, Plaintiffs refer to Defendants as follows: "MANNY'S CUCINA NAPOLETANA, LLC. ('Defendant' or 'MCN'), and EMANUELE FERRAIUOLO, individually ('EF' or 'Defendant) and TINAMARIE IORI, individually ('TI' or Defendant) (collectively, 'Defendants')." Doc. No. 28, at 1. Plaintiffs sue Defendants both "individually and as joint employers." *Id.* Throughout the factual allegations, Plaintiffs go back and forth between reference to "Defendant" or "Defendants," but it is clear that Plaintiffs wish to impose joint and several liability on all three (3) based on Plaintiffs' employment as kitchen staff at Defendants' restaurant, Manny's Cucina Napoletana LLC. *Id.* ¶¶ 9–45. However, as far as claims, Plaintiffs bring one count for violations of the overtime provisions of the FLSA, as to "Both Plaintiffs Against <u>Defendant</u>," with reference in that count to only a singular "Defendant," without specification. *Id.* ¶¶ 46–50 (emphasis added). Plaintiffs also bring one count for violation of the retaliation provisions of the FLSA, again by "Both Plaintiffs Against <u>Defendant</u>," and by

reference to only a singular "Defendant," without specifying which Defendant they mean. *Id.* ¶¶ 51–57.

By the present motion, Plaintiffs seek to impose joint and several liability against all three (3) Defendants as to both the FLSA retaliation and FLSA overtime claims. Doc. No. 52.[2] However, Plaintiffs do not explain how a complaint bringing claims solely against "Defendant" in a multi-Defendant case would permit the imposition of liability on default judgment against all three (3) Defendants on those claims. *Id.* *Cf. Mesadieu v. Waters*, No. 8:25-cv-1654-JLB-TGW, 2025 WL 2942943, at *1 (M.D. Fla. July 9, 2025), *report and recommendation adopted*, 2025 WL 2601930 (M.D. Fla. Sept. 9, 2025) ("[A] complaint that includes multiple defendants and causes of action that does not specify the claims against each defendant is a shotgun complaint." (citing *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021))).

Plaintiffs also do not address FLSA coverage (either individual or enterprise coverage) in the motion. Doc. No. 52; *see also* 29 U.S.C. § 207(a)(1); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298–99 (11th Cir. 2011). Given the allegations of the complaint, the Court has doubts. *Cf. Pierre v. Little New Orleans 1 Kitchen & Oyster Bar, L.L.C.*, No. 6:15-cv-709-Orl-40DCI, 2017 WL 10902999, at *2 (M.D. Fla. Jan. 5, 2017) ("Plaintiff maintains that he is entitled to individual coverage

[2] For reasons not really explained, Plaintiffs seek default judgment as to liability on both claims, but they only seek to recover damages as to the FLSA overtime claim. Doc. No. 52.

under the FLSA because he 'routinely and regularly handled food items that moved in the stream of commerce,' . . . . However, the mere fact that Plaintiff handled food or other items that previously traveled in interstate commerce is not enough to invoke the FLSA's individual coverage" (citations omitted)); *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *6 (M.D. Fla. Nov. 24, 2009) ("DeLotta's employment at a restaurant in Osceola County, Florida is insufficient, standing alone, to establish that he is engaged in commerce or in the production of goods for commerce." (citation omitted)); *see also Cloer v. Green Mountain Specialties Corp.*, 6:18-cv-999-Orl-40KRS, 2019 WL 568358, at *1 (M.D. Fla. Jan. 2, 2019) (allegation that the defendant "was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA" insufficient to support default judgment).

Accordingly, Plaintiffs' motion (Doc. No. 52) is **DENIED without prejudice**. It is **ORDERED** that within **twenty-one (21) days** of the date of this Order, Plaintiffs shall file a renewed motion for default judgment. The renewed motion must establish, **by citation to legal authority**, Plaintiffs' entitlement to default judgment on both the FLSA retaliation and overtime claims against all three (3) Defendants, given that the operative complaint brings the claims against only an unidentified and singular "Defendant." The renewed motion must also address **by pinpoint citations to the complaint, by paragraph number, and citation to applicable legal**

**authority**, whether Plaintiffs have adequately pleaded coverage (either enterprise coverage or individual coverage) under the FLSA. The renewed motion must also address all other elements of Plaintiffs' prima facie claims, as well as establish their entitlement to the damages sought. It must be a standalone document and attach all relevant evidence, a renewed motion may not incorporate by reference any prior filings. *See* Local Rule 3.01(h).

Alternatively, within **twenty-one (21) days** of the date of this Order, Plaintiffs may file a second amended complaint, should they deem it necessary to do so. If Plaintiffs choose to amend, the second amended complaint must be served on Defendants in compliance with the Federal Rules of Civil Procedure.

**Failure to comply with this Order will result in a recommendation that this case be dismissed without prejudice without further notice. Fed. R. Civ. P. 16(f); Local Rule 3.10.**

**DONE** and **ORDERED** in Orlando, Florida on November 17, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties